**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3062
_____

HENDRO PURWANTO; WEE SON WONG,
                                        Petitioners

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency Nos. A095-872-022 & A095-872-023)
Immigration Judge:  Honorable Miriam K. Mills

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 8, 2010

Before:  BARRY, GREENAWAY, JR., and STAPLETON, Circuit Judges

(Opinion filed  September 9, 2010)
_____

OPINION
_____

PER CURIAM

    Hendro Purwanto, a native and citizen of Indonesia, and his wife, Wee Son Wong, a

native and citizen of Malaysia, petition for review of the Board of Immigration Appeals' ("BIA")

final order of removal in their consolidated removal proceedings.  For the reasons that follow, we

will deny the petition.

I.

Because the background of this case is familiar to the parties, we discuss it only briefly here. Purwanto entered the United States on a B-2 visa in June 1999, and Wong followed suit a few months later. They ultimately overstayed their respective visas. In 2001, they married and had their first child. The following year, Purwanto applied for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), claiming that he had suffered persecution around the time of the 1998 riots in Indonesia, and that he feared future persecution because he was a Chinese Christian and their child was a United States citizen. In 2003, Purwanto and Wong had their second child. Wong then filed her own application, claiming that she feared returning to Malaysia on account of her Chinese ethnicity, her practice of Buddhism, and her membership in the group consisting of "family members of U.S. citizen children."

The two applications were consolidated for disposition. After a hearing on the merits, the Immigration Judge ("IJ") denied both applications. The IJ concluded that the requests for asylum were untimely and that Petitioners had failed to establish eligibility for withholding of removal or CAT relief. The BIA initially dismissed Petitioners' appeal as untimely, but later reopened the appeal based on their showing that the delay in filing the appeal was due to ineffective assistance of counsel. On June 19, 2009, the BIA upheld the IJ's decision, concluding that Petitioners' asylum claims were untimely and that they had failed to establish eligibility for withholding of removal or CAT relief. Petitioners now seek review of the BIA's June 19, 2009 decision.[1]

II.

We begin our analysis by outlining the scope of our review. Petitioners do not challenge

---

[1]We have jurisdiction over the petition pursuant to 8 U.S.C. § 1252(a)(1).

the BIA's rejection of their asylum claims as untimely, and, in any event, we lack jurisdiction to consider that aspect of the BIA's decision. See 8 U.S.C. § 1158(a)(3); Sukwanputra v. Gonzales, 434 F.3d 627, 633-34 (3d Cir. 2006). Additionally, Petitioners have waived any challenge to the BIA's rejection of *Wong's* withholding of removal and CAT claims, as their brief focuses solely on the Indonesia-related claims. See Voci v. Gonzales, 409 F.3d 607, 610 n.1 (3d Cir. 2005). Accordingly, our review is limited to *Purwanto's* claims for withholding of removal and CAT relief. We review the factual findings underlying the BIA's denial of these claims for substantial evidence. See Tarrawally v. Ashcroft, 338 F.3d 180, 184 (3d Cir. 2003). Under this deferential standard of review, we must uphold the BIA's decision "unless the evidence not only supports a contrary conclusion, but compels it." Abdille v. Ashcroft, 242 F.3d 477, 483-484 (3d Cir. 2001).

We first consider Purwanto's withholding of removal claim. An alien seeking that relief must demonstrate that it is more likely than not that his "life or freedom would be threatened in th[e] country [of removal] because of [his] race, religion, nationality, membership in a particular social group, or political opinion." See 8 U.S.C. § 1231(b)(3); Tarrawally, 338 F.3d at 186. To meet this standard, he must show (1) past persecution, which creates a rebuttable presumption of future persecution, or (2) a likelihood of future persecution. See 8 C.F.R. § 208.16(b). An alien need not demonstrate that he would be singled out for future persecution if he can show that "there is a pattern or practice of persecution of a group of persons similarly situated to the applicant on account of [a protected ground]." 8 C.F.R. § 208.16(b)(2).

In this case, substantial evidence supports the BIA's finding that Purwanto failed to show past persecution or a likelihood of future persecution. First, he was not harmed during his time

in Indonesia,[2] and he has not identified any evidence indicating that he would be singled out for persecution upon his return there. Second, he has not shown that there is a pattern or practice of persecution against similarly situated others in Indonesia. Although he appears to argue that the U.S. State Department's 2003 Country Report and its 2004 International Religious Freedom Report reflect a pattern or practice of persecution in Indonesia against Chinese Christians, we have already rejected that precise argument. See Wong v. Att'y Gen. of the U.S., 539 F.3d 225, 233-35 (3d Cir. 2008).

We now turn to Purwanto's CAT claim. To obtain CAT relief, an alien must demonstrate that he will likely be tortured if removed to the country in question. See 8 C.F.R. § 208.16(c)(2). Purwanto has not shown that the record compels vacating the BIA's rejection of his CAT claim. We agree with the BIA that Purwanto "ha[s] not claimed to have been tortured in the past or provided sufficient reasons why [he] would be targeted for such mistreatment in the future." (Admin. Rec. at 5.)

Finally, we consider Petitioners' argument that they were deprived of a fair hearing. In support of this argument, they claim that the BIA failed to consider the entire record and that the IJ engaged in "bias-laden courtroom conduct." We disagree. Based on our review of the BIA's decision, we are confident that the BIA properly considered the entire record. Additionally, we have reviewed the transcript of the proceedings before the IJ and are not persuaded that the IJ

---

[2]In his supplemental affidavit, Purwanto averred that, prior to the 1998 riots in Indonesia, a cab driver in Indonesia told him "don't pay me; one day we will get you." (See Admin. Rec. at 427.) This incident, however, does not rise to the level of persecution. See Fatin v. INS, 12 F.3d 1233, 1240 (3d Cir. 1993) (stating that "the concept of persecution does not encompass all treatment that our society regards as unfair, unjust, or even unlawful or unconstitutional"). Nor has he established past persecution based on his witnessing the 1998 riots, for he himself was not harmed during that time.

displayed bias toward Petitioners.  Accordingly, we cannot conclude that Petitioners were denied a fair hearing.

In light of the above, we will deny Petitioners' petition for review.